JOHN B. DARLINGTON and another *v.* JOHN H. MCCUNN.

A parol promise, by the owner of a building, to pay for materials ordered by and charged to his contractor, made after the delivery of the materials is complete, is void under the statute of frauds.

But where the material man refuses to deliver, and the owner thereupon promises payment, and a delivery is then made, in reliance upon his credit, the promise will sustain an action.

ACTION in the Sixth District Court for work and materials furnished to buildings owned by the defendant. The plaintiffs were carvers, and were employed by contractors engaged in the erection of the buildings in question. The grounds whereon liability on the part of the defendant was alleged and denied, appear in the opinion.

*John H. McCunn*, appellant, in person.

*F. Beck* and *Quentin McAdam*, for the respondent.

BY THE COURT. INGRAHAM, FIRST J.—The evidence in this case establishes that the work claimed for was done partly by order of Quin and partly by order of Beach; and the admission of the plaintiffs is express, that the work was done for Beach and Quin.

Darlington *v.* McCunn.

The promise to pay for this work was by parol; and it being a promise to pay the debt of another, it was void by the statute of frauds, unless it can be brought within the exceptions which take some such promises out of the operation of that statute. As to the work done by the order of Quin, it appears that it was delivered, and an order drawn for it on the defendant. He then promised to pay for it when he paid for the work that was done by the order of Beach.

It is clear that this promise comes within the statute. The work was not done by the defendant's order, was not charged to him, and was not delivered on his credit or promise to pay for it. The justice erred in giving judgment for this part of the claim against the defendant.

The claim against Beach is in a different position. After the work was completed, the plaintiffs refused to deliver it; and on the defendant inquiring the cause, he was told it was on account of the money. The defendant said he would be responsible and see the account paid. After this the plaintiffs delivered the work.

For this account the plaintiffs refused to give credit to Beach, and only delivered the work on the defendant's promise to pay. They gave credit to the defendant, and delivered the goods on that credit. The promise then became an original promise of the defendant, for which he was responsible. For the latter account, the judgment was properly rendered against the defendant.

The judgment must be reduced to $22 81, and $4 37 costs, and affirmed for that sum, without costs of appeal.

Ordered accordingly.